IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| EMERGING AUTOMOTIVE LLC,<br><br>Plaintiff,<br><br>v.<br><br>KIA CORPORATION and KIA AMERICA, INC.,<br><br>Defendant. | Civil Action No.:<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Emerging Automotive LLC ("Plaintiff" or "Emerging Auto"), through its attorneys, for its Complaint against Kia Corporation and Kia America, Inc. (collectively, "Defendant" or "Kia"), demands a trial by jury and alleges as follows:

**INTRODUCTION**

1. This Complaint arises from Kia's unlawful infringement of the following United States Patents owned by Emerging Auto: United States Patent Nos. 11,104,245 (the "'245 patent") and 12,337,715 (the "'715 patent") (collectively the "Asserted Patents").

**THE PARTIES**

2. Emerging Auto is a California limited liability company with its principal place of business located at 5619 Scotts Valley Dr., Suite 280, Scotts Valley, CA 95066. Emerging Auto is the sole owner by assignment of all rights, title and interest in the Asserted Patents, including the right to recover for past, present and future infringement and damages.

-1-

-2-

3. On information and belief, Defendant Kia Corporation is a Korean corporation with its principal place of business at 12 Heolleung-ro, Seocho-gu, Seoul, 06797, Republic of Korea. On information and belief, Kia Corporation does business itself, or through its subsidiaries, affiliates, and agents in Texas, including in this judicial district. On information and belief, Kia Corporation is responsible for importing, making, marketing, distributing, offering for sale, and selling Kia-branded automobiles throughout the United States, including this judicial district.

4. On information and belief, Defendant Kia America, Inc. is a wholly-owned subsidiary of Kia Corporation. On information and belief, Kia America, Inc. is a corporation organized and existing under the laws of California. On information and belief, Kia America, Inc. maintains a regular and established place of business in this judicial district, including its Southwest Region offices located at 5810 Tennyson Parkway, Plano, Texas 75024. Kia America, Inc. is registered to do business in the state of Texas and may be served through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. On information and belief, Kia America, Inc. sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services into the stream of commerce knowing that they would be sold in Texas and this judicial district.

5. Kia Corporation maintains a corporate presence in the United States, Texas, and this judicial district via at least its wholly owned, U.S.-based subsidiary Kia America, Inc. On information and belief, Kia Corporation and its U.S.-based subsidiaries operate as agents of one another and vicariously as parts of the same business group to work in concert together to, e.g., import, distribute, market, sell, and offer for sale Kia-branded automobiles. Kia Corporation places infringing products into the stream of commerce via established distribution channels knowing and

understanding that such products will be sold and used in the United States, including this judicial district.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, Title 35 of the United States Code. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Kia in this action because Kia has committed and continues to commit acts within this District giving rise to this action and have established minimum contacts with this forum such that the exercise of jurisdiction over Kia would not offend traditional notions of fair play and substantial justice. Kia directly and through subsidiaries or intermediaries, has committed and continue to commit acts of infringement in this District, by among other things, making, using, importing, offering to sell and selling Kia-branded automobiles that infringe the Asserted Patents. Kia has not contested personal jurisdiction in this Court in prior actions.

8. Kia transacts substantial business with entities and individuals in the State of Texas and this District. Kia has committed acts of patent infringement with the State of Texas and this District. On information and belief, Kia derives, and has derived, substantial revenue from its infringing activity occurring in the State of Texas and within this District.

9. Venue is proper in this District pursuant to at least 28 U.S.C. §1391 and §1400(b). Upon information and belief, Kia has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, making, using, importing, offering to sell and selling products that infringe the Asserted Patents. Kia has not contested that this Court is a proper venue. *See The Phelan Grp. LLC, v. Kia Corp. et. al.,* No. 2:23-cv-093, Dkt.

17 at ¶ 19, (E.D. Tex. June 14, 2023); *Longhorn Automotive Group LLC v. Hyundai Motor Company et. al.*, No. 2:24-cv-00554.

10. Venue is proper as to Kia America, Inc, which is registered to do business in Texas. Kia America, Inc. has a regular and established place of business in this District, including at 5810 Tennyson Parkway, Plano, Texas 25204.

11. Venue is also proper as to Kia Corporation because it is a foreign corporation and organized under the laws of Korea, with its principal place of business in Korea, and suits against foreign entities are proper in any judicial district. *See* 28 U.S.C. § 1391(c)(3); *In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018).

12. Kia Corporation and Kia America, Inc. may be joined in this action because (1) any right to relief is asserted against Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling the same Accused Instrumentalities (as discussed in more detail below) and (2) questions of fact common to Defendants will arise in this action.

## FIRST COUNT
### (INFRINGEMENT OF U.S. PATENT NO. 11,104,245)

13. Emerging Auto incorporates by reference the foregoing paragraphs as if fully set forth herein.

14. Emerging Auto owns by assignment, all rights, title and interest, including the right to recover damages for past, present and future infringement, in U.S. Patent No. 11,104,245 titled "Vehicles and Cloud Systems for Sharing E-Keys to Access and Use Vehicles." The '245 patent was duly and legally issued by the United States Patent and Trademark Office on August 31, 2021. A true

and correct copy of the '245 Patent is attached as Exhibit A.

15. On information and belief, Kia has directly infringed and continues to directly infringe one or more claims of the '245 patent, including at least claim 1 of the '245 patent, in the state of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling and offering for sale in the United States and/or importing into the United States products that embody one or more of the inventions claimed in the '245 patent, including but not limited to the Accused Instrumentalities, including Kia vehicles that enable use via an electronic key. By way of example, the Accused Instrumentalities include Kia's vehicles that include Kia Connect and Kia Connect with Digital Key, as well as all reasonably similar products, in violation of 35 U.S.C. § 271(a).

16. The '245 Kia Accused Instrumentalities satisfy all claim limitations of one or more claims of the '245 patent. A claim chart comparing exemplary independent claim 1 of the '245 patent to representative Accused Instrumentalities is attached as Exhibit B.

17. By making, using, offering for sale and selling in the United States and/or importing into the United States the Accused Instrumentalities, Kia has injured Emerging Auto and is liable for infringement of the '245 patent pursuant to 35 U.S.C. § 271(a).

18. In addition, and/or in the alternative to its direct infringement, Kia has also infringed and continues to infringe the claims of the '245 patent by, among other things, actively inducing others to use the Accused Instrumentalities. Kia's users, customers, consumers, agents, distributors, installers, and other third parties who use, sell, and/or offer to sell the Accused Instrumentalities in accordance with Kia's instructions infringe the claims of the '245 patent, in violation of 35 U.S.C. § 271(a). Kia intentionally instructs its customers to infringe through support information such as websites, videos, demonstrations and other published information. Kia also publishes videos to assist

and encourage users to use and operate the infringing components and functionalities of the Accused Instrumentalities. For example, Kia produces a Kia Features & Functions YouTube channel which instructs customers to setup, use, manage and control the infringing components and functionalities of the Accused Instrumentalities. *See*, *e.g.*, Kia Features & Functions Videos, Kia Connect - Kia Access App - Remote Lock Unlock, Remote Start Stop & Climate Control, *at* https://www.youtube.com/watch?v=iWsRuEFg7xI; Kia, Digital Key 2 Touch PART 1, *at* https://www.youtube.com/watch?v=Ob9DNvMAq2o; Kia, Digital Key 2 Touch PART 2, *at* https://www.youtube.com/watch?v=HuzczQT4L2o. Kia instructs and encourages users to subscribe to Kia Connect services and to setup, use, manage and control the infringing components and functionalities of the Accused Instrumentalities. *See, e.g.*, Kia, Find the Right Plan for You, *at* https://owners.kia.com/content/owners/en/uvo-compare-packages.html; Kia Connect FAQs, *at* https://sweb.owners.kia.us/us/en/faqs.html; Kia, Kia Connect Setup, *at* https://owners.kia.com/content/owners/en/setup-uvo.html; Kia, Kia Access App Features Guide, *at* https://owners.kia.com/content/dam/kia/us/owners/pdf/common/UVOlink-Feature.pdf; Kia, Kia Digital Key User Guide, *at* https://owners.kia.com/content/dam/kia/us/owners/pdf/common/Kia_Digital_Key_2_Touch_User_Guide.pdf; Kia, Kia Digital Key, *at* https://sweb.owners.kia.us/content/owners/en/digital-key.html. Thus, Kia actively instructs and directs its customers to infringe and actively encourages infringement by its customers. Kia is thereby liable for infringement of the '245 patent under 35 U.S.C. § 271(b).

19. At a minimum, Kia has had knowledge of the '245 patent since at least the filing and/or service date of the Complaint in this action. Despite this knowledge, Kia has continued to engage in activities to encourage and assist its customers in the use of the Accused Instrumentalities. Thus, on information and belief, Kia (1) had actual knowledge of the patent; (2) knowingly induced its

customers to infringe the patent; and (3) had specific intent to induce the patent infringement.

20. Additionally, and/or alternatively, Kia is liable as a contributory infringer of the '245 patent under 35 U.S.C. § 271(c) by having offered to sell, sold and imported and continuing to offer to sell, selling, and importing into the United States the Accused Instrumentalities and reasonably similar products, to be especially made or adapted for use in infringement of the '245 patent. The portions of the Kia Accused Instrumentalities that enable use and sharing of electronic keys are a material component for use in practicing the '245 patent and are especially made and are not staple articles of commerce suitable for non-infringing use.

21. Emerging Auto complied with 35 U.S.C. § 287 because Emerging Auto does not make, offer for sale or sell products that practice the '245 patent during the relevant time period.

22. As a result of Kia's direct and indirect infringement of the '245 patent, Emerging Auto is entitled to monetary damages (past, present and future) in an amount adequate to compensate for Kia's infringement, but in no event less than a reasonable royalty for the use made of the invention by Kia, together with interest and costs as fixed by the Court.

23. On information and belief, despite having knowledge of the '245 patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '245 patent, Kia has nevertheless continued its infringing conduct and disregarded an objectively high likelihood of infringement. Kia's infringing activities relative to the '245 patent have been, and continue to be, willful, wanton, malicious, deliberate, consciously wrongful, and an egregious case of misconduct beyond typical infringement such that Emerging Auto is entitled to enhanced damages under 35 U.S.C. § 284 up to three times the amount found or assessed.

24. Kia's acts of direct and indirect infringement have caused and continue to cause damage to Emerging Auto. Emerging Auto is entitled to damages in accordance with 35 U.S.C. §§

271, 281, and 284 sustained as a result of Kia's wrongful acts in an amount to be proven at trial.

## SECOND COUNT

## (INFRINGEMENT OF U.S. PATENT NO. 12,337,715)

25. Emerging Auto incorporates by reference the foregoing paragraphs as if fully set forth herein.

26. Emerging Auto owns by assignment, all rights, title and interest, including the right to recover damages for past, present and future infringement, in U.S. Patent No. 12,337,715 titled "Methods and Systems For Sharing e-Keys To Access Vehicles." The '715 patent was duly and legally issued by the United States Patent and Trademark Office on June 24, 2025. A true and correct copy of the '715 Patent is attached as Exhibit C.

27. On information and belief, Kia has directly infringed and continues to directly infringe one or more claims of the '715 patent, including at least claim 23 of the '715 patent, in the state of Texas, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling and offering for sale in the United States and/or importing into the United States products that embody one or more of the inventions claimed in the '715 patent, including but not limited to the Accused Instrumentalities, including Kia vehicles that enable use and sharing of an electronic key. By way of example, the Accused Instrumentalities include Kia's vehicles that include Kia Connect and Kia Connect with Digital Key, as well as all reasonably similar products, in violation of 35 U.S.C. § 271(a).

28. The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '715 patent. A claim chart comparing exemplary independent claim 23 of the '715 patent to representative Accused Instrumentalities is attached as Exhibit D.

29. By making, using, offering for sale and selling in the United States and/or importing

into the United States the Accused Instrumentalities, Kia has injured Emerging Auto and is liable for infringement of the '715 patent pursuant to 35 U.S.C. § 271(a).

30.     In addition, and/or in the alternative to its direct infringement, Kia has also infringed and continues to infringe the claims of the '715 patent by, among other things, actively inducing others to use the Accused Instrumentalities. Kia's users, customers, consumers, agents, distributors, installers, and other third parties who use, sell, and/or offer to sell the Accused Instrumentalities in accordance with Kia's instructions infringe the claims of the '715 patent, in violation of 35 U.S.C. § 271(a). Kia intentionally instructs its customers to infringe through support information such as websites, videos, demonstrations and other published information. For example, Kia's website instructs and encourages its customers to use, manage and control the infringing components and functionalities of the Accused Instrumentalities. Kia also publishes videos to assist and encourage users to use and operate the infringing components and functionalities of the Accused Instrumentalities. For example, Kia produces a Kia Features & Functions YouTube channel which instructs customers to setup, use, manage and control the infringing components and functionalities of the Accused Instrumentalities. *See, e.g.*, Kia Features & Functions Videos, Kia Connect - Kia Access App - Remote Lock Unlock, Remote Start Stop & Climate Control, *at* https://www.youtube.com/watch?v=iWsRuEFg7xI; Kia, Digital Key 2 Touch PART 1, *at* https://www.youtube.com/watch?v=Ob9DNvMAq2o; Kia, Digital Key 2 Touch PART 2, *at* https://www.youtube.com/watch?v=HuzczQT4L2o. Kia instructs and encourages users to subscribe to Kia Connect services and to setup, use, manage and control the infringing components and functionalities of the Accused Instrumentalities. *See, e.g.*, Kia, Find the Right Plan for You, *at* https://owners.kia.com/content/owners/en/uvo-compare-packages.html; ; Kia Connect FAQs, *at* https://sweb.owners.kia.us/us/en/faqs.html; Kia, Kia Connect Setup, *at*

https://owners.kia.com/content/owners/en/setup-uvo.html; Kia, Kia Access App Features Guide, *at* https://owners.kia.com/content/dam/kia/us/owners/pdf/common/UVOlink-Feature.pdf; Kia, Kia Digital Key User Guide, *at* https://owners.kia.com/content/dam/kia/us/owners/pdf/common/Kia_Digital_Key_2_Touch_User_Guide.pdf; Kia, Kia Digital Key, *at* https://sweb.owners.kia.us/content/owners/en/digital-key.html. Thus, Kia actively instructs and directs its customers to infringe and actively encourages infringement by its customers. Kia is thereby liable for infringement of the '715 patent under 35 U.S.C. § 271(b).

31. At a minimum, Kia has had knowledge of the '715 patent since at least the filing and/or service date of the Complaint in this action. Despite this knowledge, Kia has continued to engage in activities to encourage and assist its customers in the use of the Accused Instrumentalities. Thus, on information and belief, Kia (1) had actual knowledge of the patent; (2) knowingly induced its customers to infringe the patent; and (3) had specific intent to induce the patent infringement.

32. Additionally, and/or alternatively, Kia is liable as a contributory infringer of the '715 patent under 35 U.S.C. § 271(c) by having offered to sell and sold in the United States and imported into the United States and continuing to offer to sell and selling in the United States and importing into the United States the Accused Instrumentalities and reasonably similar products, to be especially made or adapted for use in infringement of the '715 patent. The portions of the Kia Accused Instrumentalities that enable use and sharing of electronic keys are a material component for use in practicing the '715 patent and are especially made and are not staple articles of commerce suitable for non-infringing use.

33. Emerging Auto complied with 35 U.S.C. § 287 because Emerging Auto does not make, offer for sale or sell products that practice the '715 patent during the relevant time period.

34. As a result of Kia's direct and indirect infringement of the '715 patent, Emerging Auto

is entitled to monetary damages (past, present and future) in an amount adequate to compensate for Kia's infringement, but in no event less than a reasonable royalty for the use made of the invention by Kia, together with interest and costs as fixed by the Court.

35. On information and belief, despite having knowledge of the '715 patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '715 patent, Kia has nevertheless continued its infringing conduct and disregarded an objectively high likelihood of infringement. Kia's infringing activities relative to the '715 patent have been, and continue to be, willful, wanton, malicious, deliberate, consciously wrongful, and an egregious case of misconduct beyond typical infringement such that Emerging Auto is entitled to enhanced damages under 35 U.S.C. § 284 up to three times the amount found or assessed.

36. Kia's acts of direct and indirect infringement have caused and continue to cause damage to Emerging Auto. Emerging Auto is entitled to damages in accordance with 35 U.S.C. §§ 271, 281, and 284 sustained as a result of Kia's wrongful acts in an amount to be proven at trial.

## PRAYER FOR RELIEF

Emerging Auto respectfully requests that the Court find in favor of Emerging Auto and against Kia, and the Court grant Emerging Auto the following relief:

A. For judgment that Kia is liable for infringement of one or more claims of the Asserted Patents, directly and/or indirectly, either literally and/or under the doctrine of equivalents;

B. For judgment that Kia has willfully infringed one or more claims of the Asserted Patents;

C. For an accounting of all damages sustained by Emerging Auto as the result of Kia's acts of infringement, including compensatory damages in an amount according to proof, and in no event less than a reasonable royalty;

D. For a mandatory future royalty payable on each and every future sale by Kia of a product that is found to infringe one or more of the Asserted Patents and on all future products which are reasonably similar to those products found to infringe;

E. For a judgment and order requiring Kia to pay Emerging Auto's damages, costs, expenses, and pre- and post-judgment interest for its infringement of the Asserted Patents as provided under 35 U.S.C. § 284;

F. For a judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Emerging Auto its reasonable attorneys' fees; and

G. For such other and further relief in law and in equity as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Emerging Auto hereby demands a trial by jury of this action.

Dated: August 15, 2025

Respectfully submitted,

*/s/ Marc Belloli by permission Andrea L. Fair*
Marc Belloli*
  CA Bar No. 244290 (Admitted in EDTX)
  mbelloli@bdiplaw.com
M. Elizabeth Day
  CA Bar No. 177125 (Admitted in EDTX)
  eday@bdiplaw.com
Jerry D. Tice II
  Texas Bar No. 24093263
  Jtice@bdiplaw.com
Aaron R. Hand
  CA Bar No. 245755 (Admitted in EDTX)
  ahand@bdiplaw.com
Brenda Entzminger
  CA Bar No. 226760 (Admitted in EDTX)
  bentzminger@bdiplaw.com
**BUNSOW DE MORY LLP**
701 El Camino Real
Redwood City, CA 94063
Tel: (650) 351-7248

Fax: (415) 426-4744

Of Counsel:

Andrea L. Fair
   Texas Bar No. 24078488
   andrea@millerfairhenry.com
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Tel: 903-757-6400
Fax: 903-757-2323


*Attorneys for Plaintiff*
Emerging Automotive LLC

* Lead Counsel Designation